UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAY SANCHEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KIM PEDRIERO, et al.,<br><br>　　　　Defendants. | CASE NO. 1:14-cv-00594-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a former prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in this action. Plaintiff's complaint is before the court for screening.

I.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II. PLAINTIFF'S ALLEGATIONS**

Plaintiff's claims arise out of events that occurred in February and March 2014, when he was held at Kings County Jail (KCJ) and, subsequently, Wasco State Prison. Defendant Pedriero is the "commander" at KCJ; Defendants Cisneros and Hernandez are deputies there. Defendants Feliciano and Schultz are appeals coordinators at Wasco and Breen is a Counselor at Wasco. Additional defendants include "booking staff" on 2/7/14 at KCJ, the Kings County Superior Court Clerk on February 3, 2014, and TSA Zwetsloot, the official court reporter in Kings County.

On February 3, 2014, Plaintiff's case in Kings County Court was dismissed "due to an improper police investigation." Because of a federal parole detainer, Plaintiff was not released immediately from KCJ, but instead awaited the arrival of United States Marshalls to take him to a federal facility. Instead, on February 7, 2014, he was told he was being taken to Wasco State Prison. When Plaintiff asked why, Defendant Cisneros told him, "because of your [criminal] case." Plaintiff explained that he had "beaten his case" and that he was waiting for the Marshalls to come pick him up. Cisneros said, "You'll be doing a layover then."

R&R staff at Wasco, however, did not apparently realize that Plaintiff was only to be at Wasco temporarily. After Plaintiff "told them all necessary information several times," he was eventually told he "was a mistaken identity" and that he would be picked up the next Monday, February 10, by either Kings County staff or the Marshalls. In the meantime, he was required to get a new prison ID and commitment number.

2

On February 10, however, no one came. On February 11, Plaintiff filed an internal appeal, which was rejected at all levels. The first-level denial, signed by Defendants Feliciano and Shultz, stated that Plaintiff had not filed supporting documentation and concluded, "If you are here its [sic] court ordered." (ECF No.1, at 169).

Plaintiff informed Counselor Breen several times between February 7 and February 20 that he was at Wasco for no reason; Breen told him only that "the Marshalls] know you're here," but apparently took no action to ensure this was true. Plaintiff wrote to his own counselor, T. Mosely (not a defendant), and received no response.

Plaintiff's family, meanwhile, apparently alerted correctional staff to Plaintiff's situation, and on February 20, 2014 KCJ officials came to pick him up. Plaintiff attempted to grieve the issue at KCJ but the substance of his appeal was not addressed because he was apparently transferred to a federal facility on February 25, 2014.

Subsequent grievances Plaintiff filed in an attempt to retrieve copies of the administrative appeals he had submitted at Wasco indicate that his release date from federal detention was April 19, 2014.

**III. ANALYSIS**

Although Plaintiff does not state specifically the grounds on which he seeks relief, the facts he alleges could potentially give rise to a state claim for false imprisonment, a § 1983 claim for over-detention in violation of the Fourteenth Amendment, or a Fourteenth Amendment violation for delay in parole proceedings. The court declines to address Plaintiff's potential state claim because he has not alleged compliance with the California Tort Claims Act. The Court dismisses Plaintiff's potential federal claims because Plaintiff has not adequately linked defendants to his claims, established facts indicating he was unconstitutionally over detained.

### A. State Tort Claim

False imprisonment under California law is the unlawful violation of the personal liberty of another. Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998)(citing Asgari v. City of Los Angeles, 937 P.2d 273, 281 (Cal. 1997)). False arrest is "but one way of committing a false imprisonment." Castro v. City of Hanford, 546 F.Supp.2d 822, 827 n.2 (E.D. Cal. 2008)(citing Watts v. Cty. of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001)).

### 1. Claim Presentation

The California Tort Claims Act requires plaintiffs to present tort claims against public entities to the California Victim Compensation and Government Claims Board, no more than six months after the cause of action accrues. CAL. GOVT. CODE § 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are prerequisites to filing suit. Castaneda v. CDCR, 212 Cal. App. 4th 1051, 1061 (Cal. Ct. App. 2013); Easter v. CDC, 694 F.Supp.2d 1177, 1185-1186 (S.D. Cal. 2010). Here, Plaintiff has not alleged compliance with the Act, so the Court declines to address the validity of potential claims under state law.

### 2. Supplemental Jurisdiction

The Court will not exercise supplemental jurisdiction over a state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(c)(3); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1189 (9th Cir. 2001). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989). If Plaintiff elects to submit an amended complaint alleging

compliance with the Tort Claims Act, the Court will reexamine whether to exercise supplemental jurisdiction over Plaintiff's state law claims.

**B. Federal Claims**

**1. Section 1983 Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### 2. Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff should also attempt to identify Doe Defendants by name.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999)(quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)); accord Lopes v. Vieira, 543 F.Supp.2d 1149, 1151-1152 (E.D. Cal. 2008).  Although filing a complaint against a Doe defendant is not strictly prohibited, Wakefield, 177 F.3d at 1163, an unidentified defendant cannot be served until Plaintiff has identified him and amended his complaint to substitute a name for the pseudonym. See, e.g., Castaneda v. Foston, No. 1:12-cv-00026 2013 WL 4816216, at *3 (E.D. Cal.

Sept. 6, 2013). If Plaintiff cannot identify defendants by name, he must distinguish among them by, e.g, referring to them as "John Doe 2", "John Doe 3", and so on, and describe what each did or failed to do to violate Plaintiff's rights.

Here Plaintiff has not adequately linked all named Defendants to his claims. He has not stated what allegedly unconstitutional acts or omissions Defendant Pedreiro, the Superior Court Clerk, or the official court reporter committed  In addition, he has not sufficiently distinguished among "booking staff on duty on 2/7/14," or stated what each individual booking staff person did to violate his rights. Therefore, the Court will dismiss Plaintiff's claims against these defendants, giving Plaintiff leave to amend.

### 3. Detention in a State, as Opposed to Federal, Facility

Prisoners do not have a right to be held in a particular facility. Olim v. Wakinekona, 461 U.S. 238, 245 (1985); Meachum v. Fano, 427 U.S. 215, 225 (1976). "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." Olim, 461 U.S. at 245. Here, Plaintiff had no constitutional right to be held in a federal facility just because he was awaiting disposition of a federal parole detainer. Therefore, his temporary custody at Wasco, was not, by itself, unconstitutional.

### 4. Section 1983 Claims for Over Detention

"An individual has a liberty interest in being free from incarceration absent a criminal conviction." Lee v. City of Los Angeles, 250 F.3d 668, 683 (9th Cir. 2001); see also Oviatt, 954 F.2d at 1470, 1474 (9th Cir. 1992) ("freedom from incarceration is the 'paradigmatic liberty interest' under the due process clause). Thus, "the loss of liberty caused by an individual's mistaken incarceration after the lapse of a certain amount of time gives rise to a claim under the Due Process Clause of the Fourteenth Amendment."

Lee, 250 F.3d at 683; accord Baker v. McCollan, 443 U.S. 137, 144 (1979); Fairley v. Luman, 281 F.3d 913, 917-918 (9th Cir. 2002).  Moreover, "since imprisonment is punitive, officials who detain a person may violate that person's rights under the Eighth Amendment if they act with deliberate indifference to the prisoner's liberty interest." Stein v. Ryan, 662 F.3d 1114, 1118 (9th Cir. 2011).

The Ninth Circuit has held that mistaken incarcerations violate the Fourteenth Amendment where defendants knew or should have known that Plaintiff was entitled to release and one or both of the following circumstances is present: 1) the situation indicated that further investigation of Plaintiff's assertions of wrongful incarceration was warranted or 2) defendants have, for a significant period, deprived the plaintiff of a judicial forum to examine his claims.  Rivera v. Cty. of Los Angeles, 745 F.3d 384, 391 (9th Cir. 2014).

Plaintiff's situation differs from the above cases in a key respect, however.  Unlike the plaintiffs in Lee and Fairley, each of whom was erroneously arrested on a warrant issued for an entirely different person, and thus were indubitably "entitled to release," Plaintiff appears to concede his continued custody pursuant to the parole detainer was lawful.[1]  Because the parole detainer in effect meant that Plaintiff was not "entitled to release," Plaintiff fails to state a cognizable Fourteenth Amendment over detention claim.  The court discusses the effects of parole detainers in more detail below.

**5.  Parole Detainers**

Federal regulations provide that "when a parolee is serving a new sentence in a federal, state, or local institution, a parole violation warrant may be placed against him as a detainer." 28 C.F.R. § 2.47(a).  If the new sentence is in a state or local institution, the

---

[1] Plaintiff does not contend that the parole detainer was improperly issued.

8

violation warrant must be reviewed within 180 days after the Parole Commission is notified of the placement. 28 C.F.R. § 2.47(a)(1). The regulations do not specify a different timeline where the charges against the parolee have been dismissed.

In addition, a parolee retaken on a parole violation warrant must ordinarily receive a "preliminary interview… to determine if there is probable cause to believe that the parolee has violated his parole as charged, and if so, whether a revocation hearing should be conducted." 28 C.F.R. § 2.48(a). If the interviewing officer concludes that there is no probable cause for a parole violation, the final decision shall be made "as expeditiously as possible" and "a decision to release the parolee shall be implemented without delay." 28 CFR 2.48(d)(1). The regulations do not specify how long after the parolee is "retaken" the preliminary interview must take place.

Delays in holding both parole revocation and preliminary probable cause hearings only violate Fourteenth Amendment due process if the delay was both "unreasonable and prejudicial." Benny v. USPC, 295 F.3d 977, 986 (9th Cir. 2002)(citing Vargas v. USPC, 865 F.2d 191, 194 (9th Cir. 1988)). A delay of at least 40 days in providing a preliminary hearing has been considered reasonable in this circuit. Vargas, 865 F.2d at 194; see also Benny, 295 F.3d at 986 (citing Morrissey v. Brewer, 408 U.S. 471, 485 (1972) for the proposition that "due process would seem to require that some minimal inquiry be conducted as promptly as convenient after arrest" but concluding that 31-day delay was not unconstitutional).

Here, Plaintiff has not provided the Court with enough information about the processing of his parole detainer to enable the court to determine whether or not his time in state prison caused an "unreasonable and prejudicial" delay in his parole proceedings. As an initial matter, the Court is not certain whether Plaintiff was entitled to a preliminary

9

hearing.[2]  In addition, Plaintiff has not described how his detainer was resolved – that is, whether the resolution occurred through a preliminary hearing, a record review, or a revocation hearing – or why he was eventually released.  However, the total amount of time that passed between February 7, when Plaintiff was taken to Wasco, and April 19, the date he was apparently released, is only 71 days, significantly less than the 180 days the Parole Commission has to review a detainer under 28 C.F.R. § 2.47(a)(1) and not appreciably more than the 40 days found to be reasonable for a preliminary hearing in Vargas, *supra*.  Thus, the facts before the Court do not indicate that Plaintiff would have a high likelihood of establishing a due process violation as a result of the delay in resolution of his parole detainer.  However, the Court will give Plaintiff leave to amend to provide more precise information about his parole proceedings, including the dates and dispositions of any hearings, the date that Plaintiff was released from federal custody, and facts demonstrating prejudice.

If Plaintiff amends his complaint to challenge the constitutionality of his parole proceedings, he must add as defendants the parole officers whom he believes violated his rights.  As state officials, the current defendants in this suit likely could not be held responsible for delays in scheduling federal parole proceedings.

**IV. CONCLUSION**

Plaintiff fails to state a cognizable Fourteenth Amendment claim against any Defendant.

---

[2] A conviction for conduct alleged to be a parole violation constitutes probable cause for retaking a parolee into federal custody, obviating the requirement for a preliminary interview. Anderson v. United States, 898 F.2d 751, 752 (9th Cir. 1990).  Similarly, an acquittal of state charges would not require a prompt preliminary hearing unless the "acquittal of the state charges removed all factual support underlying the conviction." See Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir. 1989).  It is not clear whether the dismissal of Plaintiff's claims would have removed all factual support for an alleged parole violation, such that a prompt preliminary hearing would have been required.

10

The Court grants Plaintiff the opportunity to correct the deficiencies analyzed above in an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaint).

An amended complaint would supersede the prior complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 f.2d 565, 567 (9th Cir. 1987). Thus, it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

**V. ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's signed first amended complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed April 24, 2014,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   March 19, 2015                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE

12