UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAY SANCHEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>KIM PEDRIERO, et al.,<br><br>        Defendants. | CASE NO. 1:14-cv-00594-MJS (PC)<br><br>**ORDER:**<br><br>**1) DISCHARGING ORDER TO SHOW CAUSE (ECF No. 8); AND**<br><br>**2) DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE (ECF No. 9)**<br><br>**DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 USC § 1915(g)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff is a former prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

The Court dismissed Plaintiff's original complaint for failure to state a claim but gave leave to amend (ECF No. 7.) When Plaintiff failed to file an amended complaint within the time specified by the Court, he was ordered to show cause why his case should not be dismissed for failure to comply with the Court's order. (ECF No. 8.). In response, Plaintiff filed his First Amended Complaint. (ECF No. 9). The Court finds that

the filing of the First Amended Complaint discharges the order to show cause and now considers the Amended Complaint for screening.

I.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II. PLAINTIFF'S ALLEGATIONS**

Plaintiff's claims arise out of events that followed dismissal of state charges against him on February 3, 2014.

At the time of the dismissal, Plaintiff was being held at Kings County Jail (KCJ). Because Plaintiff was on federal probation, he was not released immediately from the jail, but instead "was awaiting a Federal Officer to clear his status."[1] (ECF no. 9, at 3.) Plaintiff indicates that a parole violator warrant had been filed as a detainer pending resolution of his state charges, but he does not specify when the warrant was executed.

Plaintiff was not transferred immediately to federal custody. Instead, on February 7, 2014, a Friday, he was taken to Wasco State Prison. When Plaintiff asked why,

2

Defendants Cisneros and Hernandez told him he would be doing a "layover" there, and that federal officers would pick him on the following Monday.

On February 10, however, no one came, so Plaintiff filed a grievance, which was denied at the first level by Feliciano and Shultz, who stated that Plaintiff had not filed supporting documentation and concluded, "If you are here its [sic] court ordered." (ECF No.1, at 16.)

Plaintiff informed Counselor Breen several times between February 7 and February 20 that he was at Wasco for no reason; Breen told him only that "the Marshalls know you're here," but apparently took no action to ensure this was true. Plaintiff wrote to his own counselor, T. Mosely (not a defendant), and received no response.

Plaintiff's family, meanwhile, alerted correctional staff to Plaintiff's situation, and on February 20, 2014 Plaintiff returned to KCJ. On February 25, 2014, Plaintiff was taken to a federal facility.

Following a revocation hearing at which plaintiff was found not to have violated the terms of his probation, he was released from federal custody on April 19, 2014.

Plaintiff alleges he was wrongfully detained in state custody by Defendants Cisneros, Breen, Feliciano, Schulz and Hernandez. He alleges his revocation hearing was unconstitutionally delayed by Defendant federal parole officer John Doe.

**III. ANALYSIS**

Plaintiff's amended complaint reiterates his claims that he was wrongfully detained in a state facility, that he was unconstitutionally over detained, and that his parole revocation hearing was delayed in violation of his due process rights. Because Plaintiff does not have a right to be housed in a particular facility, and as a federal probationer was not "entitled to release," he fails to state a § 1983 claim for over-

3

detention.  He also fails to state a violation of his due process rights arising out of delay in holding his parole revocation hearing.

### A. Section 1983 Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**B. Detention in a State Facility**

Plaintiff alleges that he spent 22 days in state facilities prior to being taken to a federal facility to await probation revocation proceedings.  He has not specified when during this period the parole violator warrant was executed.  Even if the warrant was executed immediately upon dismissal of his state charges, that is, on February 3, his continued incarceration would have been lawful because federal regulations generally require parolees retaken on warrants be "retained in custody" until final revocation proceedings have taken place. 28 C.F.R. § 2.49(e).  Moreover, Plaintiff had no right to be held in a federal facility, as opposed to a state facility.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1985); Meachum v. Fano, 427 U.S. 215, 225 (1976).  "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State." Olim, 461 U.S. at 245.

Plaintiff likewise would not have grounds to challenge his 22-day retention in state custody, even if his warrant had not been executed until he was actually transferred to federal custody.  See United States v. Santana, 526 F.3d 1257, 1261-1262 (9th Cir. 2008) (25-day delay between issuance and execution of parole violator warrant did not violate due process, even though probationer remained in state custody, and, if not for the federal warrant, would have been released); see also Johnson v. Reilly, 349 F.3d 1149, 1155 (9th Cir. 2003)(while "dismissal of an indictment extinguishes the criminal proceedings, it is still within the Commission's discretion whether to execute its warrant");  Thompson v. Crabtree, 82 F.3d 312, 316 (Parole Commission has "broad discretion" in "issuing, executing, and administering warrants.")

### C. Section 1983 Claims for Overdetention

"An individual has a liberty interest in being free from incarceration absent a criminal conviction." Lee v. City of Los Angeles, 250 F.3d 668, 683 (9th Cir. 2001); see also Oviatt, 954 F.2d at 1470, 1474 (9th Cir. 1992) ("freedom from incarceration is the 'paradigmatic liberty interest' under the due process clause).  Thus, "the loss of liberty caused by an individual's mistaken incarceration after the lapse of a certain amount of time gives rise to a claim under the Due Process Clause of the Fourteenth Amendment." Lee, 250 F.3d at 683; accord Baker v. McCollan, 443 U.S. 137, 144 (1979); Fairley v. Luman, 281 F.3d 913, 917-918 (9th Cir. 2002).  Moreover, "since imprisonment is punitive, officials who detain a person may violate that person's rights under the Eighth Amendment if they act with deliberate indifference to the prisoner's liberty interest." Stein v. Ryan, 662 F.3d 1114, 1118 (9th Cir. 2011).

The Ninth Circuit has held that mistaken incarcerations violate the Fourteenth Amendment where defendants knew or should have known that Plaintiff was entitled to release and one or both of the following circumstances is present: 1) the situation indicated that further investigation of Plaintiff's assertions of wrongful incarceration was warranted or 2) defendants have, for a significant period, deprived the plaintiff of a judicial forum to examine his claims.  Rivera v. Cty. of Los Angeles, 745 F.3d 384, 391 (9th Cir. 2014).

Plaintiff does not have a valid over detention claim because his parole detainer meant that Plaintiff was not "entitled to release."  Instead, he could lawfully be held until his revocation hearing was held.  28 C.F.R. § 2.49(e); see also Santana, 526 F.3d at 1258. He himself seems to acknowledge this when he states that he was "'retaken' under Federal custody" as soon as his state charges were dismissed. (ECF no. 9, at 7.)

6

**D. Delay in Holding Revocation Hearing**

Federal regulations provide for two types of revocation hearings: institutional revocation hearings, which must be held "within ninety days of the date of the execution of the violator warrant upon which the parolee was retaken," 28 C.F.R. § 2.49(f), and local revocation hearings, which must be held "within sixty days of the probable cause determination," id. The probable cause determination, in turn, is made at a preliminary hearing that must be held "promptly" after a person is taken in custody for violating a condition of probation or supervised release. Fed. R. Crim. P. 32.1(b)(1)(A).  Where a hearing is not held within applicable timelines, a parolee's due process rights are violated only if the delay in holding either the preliminary or revocation hearing was both "unreasonable and prejudicial." Santana, 526 F.3d at 1260; Benny v. USPC, 295 F.3d 977, 986 (9th Cir. 2002)(citing Vargas v. USPC,  865 F.2d 191, 194 (9th Cir. 1988)).

Here, Plaintiff has not specified whether or not he was entitled to a local or an institutional revocation hearing, and neither the original nor the amended complaint contains sufficient information for the Court to determine what type of hearing Plaintiff ultimately received.  See 28 C.F.R. § 2.49(a) & (d) for descriptions of each type of hearing.

If Plaintiff was entitled to an institutional revocation hearing, then his hearing appears to have been held well within the 90-day limit prescribed by 28 C.F.R. § 2.49(f). Only 75 days elapsed between February 3, the day his state charges were dismissed, and April 19, the day he was released from federal custody, so regardless of how long after dismissal his parole warrant was executed, any institutional revocation hearing would have been timely. Therefore, Plaintiff fails to state a due process claim on this basis.

7

Even assuming he was entitled to a local revocation hearing, to be held within 60 days of a probable cause determination, Plaintiff has provided no evidence that this timeline was disregarded either. Plaintiff does not state when or if a probable cause determination was even made.  Moreover, the 75 days that Plaintiff remained in custody following dismissal of his criminal charges are significantly less than delays the Ninth Circuit and other courts have concluded were neither prejudicial nor unreasonable.  See Santana, 526 F.3d at 1261(finding that 121-day delay of revocation proceedings was not unreasonable or prejudicial); United States v. Wickham , 618 F.2d 1307, 1310-1311 (9th Cir. 1979)(seven-month delay); King v. Hasty , 154 F.Supp.2d 396, 401 (E.D.N.Y. 2001)(120-day delay); Jackson v. USPC, No. C14-1121-JCC-JPD 2014 WL 6606570, at *4 (W.D. Wash. Sept. 29, 2014)(8-month delay); see also  Vargas, 865 F.2d at 194 (40-day delay in holding preliminary hearing not unreasonable); Benny, 295 F.3d at 986 (31-day delay in holding preliminary hearing not unreasonable).

In any case, Plaintiff has not shown prejudice from delay.  Prejudice may be shown by "oppressive pre-[revocation] incarceration, unnecessary anxiety of the accused, and impairment of the accused's ability to mount a defense." Santana, 526 F.3d at 1261.  Here, although Plaintiff was undoubtedly anxious about remaining in prison after his state charges had been dismissed, his defense does not seem to have been impaired – after all, his probation was not revoked – and he has not alleged that his 75 days of incarceration were oppressive.

**IV. CONCLUSION**

Plaintiff fails to state a cognizable due process or overdetention claim against any Defendant.  He was previously advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so.  No useful purpose would be served by

8

once again pointing out the deficiencies and giving another opportunity to correct them. Further leave to amend would be futile and is denied.

**V. ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. The order to show cause (ECF No. 8), filed April 29, 2015, is discharged;

2. Plaintiff's First Amended Complaint (ECF No. 9) is DISMISSED for failure to state a claim;

3. This action is DISMISSED WITH PREJUDICE for failure to state a claim; dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

4. Any and all pending motions shall be terminated and the Clerk of Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   May 26, 2015               /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE